IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PAUL NICOLETTI,

      Petitioner,

                                                          Civil Action No. 5:23-CV-120
      v.                                                     (BAILEY)

M.J. BAYLESS,

      Respondent.

**REPLY IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

      Comes now, the Respondent, by and through undersigned counsel, and files this Reply in support of its Motion to Dismiss or in the alternative Motion for Summary Judgment.

      In his Response, Petitioner claims that he was "unjustly denied the rate of 15 days per thirty day time period, for more than five months and three weeks…between the dates of March 27, 2022 and…October 7, 2021." Doc. 22 at 2. Therein, Petitioner misrepresents the term "consecutive assessment period" by relying upon "Male Pattern Risk Scoring" documents. *See* Docs. 22-1, 22-2. These "scoring" documents do not reflect the beginning or end of an assessment period. *See* Exhibit 1, Declaration of Susan Giddings at ¶ 7.

      The declarant, Ms. Giddings, is employed by the Federal Bureau of Prisons as the Chief of the Unit Management Section of the Correctional Programs Branch (CPB), which is organized under the Correctional Programs Division (CPD) in the BOP's Central Office located in Washington, D.C. *See id*. at ¶ 1. Ms. Giddings oversees the implementation of the First Step Act's (FSA) application of Earned Time Credits (Time Credits) for all inmates in BOP custody, and, as part of her duties, has access to the computerized records of all inmates, including their Risk and Needs Assessments. *See id.* at ¶ 2.

FSA assessments and reassessments are automated and conducted independently in accordance with the initial classification and Program Review timelines as outlined in policy and rules language. *See id.* at ¶ 4. An inmate's initial FSA assessment is conducted 28 days after the inmate's arrival at his or her initially designated facility with subsequent FSA reassessments conducted every 90 or 180 days based on the inmate's projected release date. *See id*. Here, Petitioner's initial assessment period, according to the BOP's FSA Time Credit Assessment, began on August 31, 2021 and ended on September 28, 2021. *See id*. at Attachment A. His second assessment period began on September 28, 2021 and ended on March 27, 2022. *See id.*

Petitioner therefore began earning 15 days of Time Credits for every 30 days of successful participation in programming beginning March 27, 2022 – only after he maintained his minimum risk level for two consecutive assessment periods. *See id*. at ¶ 6. This was following his initial 28 day review and 180 day review. *See id*. Again, the "scoring" documents [Docs. 22-1, 22-2] relied upon by Petitioner do not reflect the beginning or end of an assessment period. *See id.* at ¶ 7

|  |  |
|---|---|
|  | WILLIAM IHLENFELD<br>UNITED STATES ATTORNEY |
| By: | */s/ Maximillian F. Nogay*<br>Assistant United States Attorney<br>W. Va. Bar # 13445<br>United States Attorney's Office<br>P.O. Box 591<br>1125 Chapline Street, Suite 3000<br>Wheeling, WV 26003<br>(304) 234-0100 office<br>(304) 234-0110 facsimile<br>Max.Nogay@usdoj.gov |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 27th day of June, 2023, a true and accurate copy of REPLY IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT was furnished for delivery to the below non-CM/ECF participant via U. S. mail to:

PAUL NICOLETTI
Register Number: 55819-039
FCI MORGANTOWN
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MORGANTOWN, WV 26507

By: */s/ Maximillian F. Nogay*