IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**PAUL NICOLETTI,**

        Petitioner,

    v.                                  **CIVIL ACTION No. 5:23-CV-120**
                                                  Judge Bailey

**M.J. BAYLESS,**

        Respondent.

**<u>ORDER</u>**

      The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 29]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on November 15, 2023, wherein he recommends that the Petition be granted in part as to petitioner's claim relating to the October 7, 2021 assessment; that respondent's Motion to Dismiss, or in the Alternative for Summary Judgment be granted in part; that petitioner's remaining claims be denied and dismissed with prejudice for failure to state a claim; that the Petition be dismissed with instructions to the BOP to recalculate petitioner's time credits in accordance with the R&R; and that petitioner's Motion to Schedule a Pretrial Conference Pursuant to Fed. R. Civ. Pro. 16 be denied as moot. *See* [Doc. 29]. For the reasons that follow, this Court will adopt in part the R&R.

1

## I. BACKGROUND[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed an objection [Doc. 31] on November 22, 2023. Respondent timely filed an objection [Doc. 32] on November 29, 2023. Accordingly, this

---

[1] This Court fully adopts and incorporates herein the "Background" section of the R&R. *See* [Doc. 29 at 6–10].

2

Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

In the R&R, Magistrate Judge Mazzone found the Petition should be granted in part as to petitioner's claim relating to the October 7, 2021 assessment. *See* [Doc. 29 at 10–13, 15].

Petitioner filed his Objection to Report and Recommendation [Doc. 31] on November 22, 2023. Petitioner first notes that "as it pertains to [designating dates for the award of 10 or 15 days] . . . [he] hereby accepts the court's recommendation granting 'the Petition on the limited ground that for purposes of the FSA, an assessment occured [(sic)] on October 7, 2021, as reflected by the PATTERN score sheet from that date.'" [Doc. 31 at 1]. Next, petitioner states he objects to the R&R's "RHC/HC placement" holding. Petitioner argues that "the court mistakenly assumes that the Confidential Projected Release Date, cannot include future FSA Time Credits since such credits have not yet been earned." [Id. at 2]. Petitioner is again taking issue with the fact that the BOP has not yet implemented the planning application described in BOP Program Statement 5410.01.[2] Petitioner is relying on the handwritten chart he attached to his response to respondent's Motion to Dismiss. *See* [Doc. 22-4]. Instead of requesting the Court to find that he is eligible for a home confinement date of January 22, 2024, based on his own calculations

---

[2] BOP Program Statement 5410.01: *Time Credits: Procedures for Implemetnation of 18 U.S.C. § 3632(d)(4)* provides that for prisoners with minimum and law PATTERN scores, the BOP "will initially estimate an FSA *conditional* Projected Release Date (PRD) by calculating the maximum number of potential FTCs that an inmate may earn during his or her sentence." Section 10 (emphasis added).

in his Petition, he is now requesting the Court to find that he is eligible for home confinement on January 27, 2024. [Doc. 31 at 3]. As Magistrate Judge Mazzone held:

> With respect to the petitioner's claim that his handwritten chart correctly reflects hat he is entitled to any additional time credits, the undersigned cannot agree. First, the petitioner has credited himself with 15 days from the time of his incarceration, which as set forth herein, he is not entitled to under the FSA. Second, petitioner cannot use future projected credits for his time calculations. It is beyond question that time credits "will not be applied towards an inmate's release date unless earned." Id. (emphasis added). Petitioner has also erroneously calculated potential credits from time he projects he will spend in prerelease custody, which is likewise not authorized.

[Doc. 29 at 14]. This Court agrees. The FSA expressly limits petitioner's ability to apply his FTCs until the number of his FTCs is equal to the remainder of his term of imprisonment. *See* 18 U.S.C. § 3264(g)(1)(A). When his total FTCs equal the remainder of time on his sentence, the BOP will determine if he meets the criteria to transfer to a pre-release RRC or home confinement, or to receive early release. *See* 18 U.S.C. §§ 3632(d)(4)(C); 3624(g). Petitioner's objection is hereby overruled.

Respondent filed an objection [Doc. 32], stating that the finding within the R&R thatf "the October 7, 2021 PATTERN score sheet was a second assessment, which would allow petitioner to earn an additional 5 days per 30 ay period, beginning on October 7, 2021," was erroneous and in contradiction to BOP policy. Respondent again asserts that petitioner "did not begin earning 15 days per 30 days of programming until March 27, 2022,

the date of his second consecutive FSA assessment in which he maintained a minimum risk level." [Doc. 32 at 1]. Respondent argues that the R&R "contradicts a senior level BOP official's interpretation and application of BOP Program Statement 5322.13." [Id. at 2]. Respondent offers an updated declaration executed by Susan Giddings, a BOP official tasked with overseeing the implementation of the application of Earned Time Credits under the FSA, in support of its contention. More specifically, the affiant avers:

1.  FSA assessments are autogenerated based on the inmate's arrival date and his or her current projected release date. [Doc. 32 at ¶ 5].

2.  The initial FSA assessment is conducted 28 days after the individual's designation to a BOP facility and subsequent reassessments occur every 90 or 180 days based on the inmate's release date. [Id.].

3.  The PATTERN assessment tool is a component of the FSA Risk and Needs Assessment System but is not the FSA Assessment itself. See [id.]. Accordingly, an inmate could have his PATTERN Assessment updated more frequently than every 90 or 180 days; however, that doesn't alter the FSA Assessment Time. See [id.].

4.  The documents dated October 7, 2021 filed by petitioner at [Doc. 22-2] are not official PATTERN assessment but are mere courtesy copies of manual calculations probably provided to petitioner during the early implementation of the FSA Assessment. [Id. at ¶ 6].

5.  In 2022, the BOP began calculating and applying FTC using an automatic application. [Id.].

5

6. In this case, the auto-PATTERN, which was generated on March 20, 2022, was applied to petitioner's first day, August 31, 2021, with his first FSA Assessment on September 28, 2021, and his second occurring on March 27, 2022. [Id. at ¶ 7].

7. Because petitioner maintained a minimum risk level for the two consecutive FSA Assessments, he accordingly began earning 15 days per 30 days of programming on March 27, 2022. [Id.].

This Court agrees with respondent that the BOP is entitled to deference in the application of FSA earned-time credits. ***Chevron, U.S.A., Inc. v. NRDC, Inc.***, 467 U.S. 837, 865 (1984). "Courts defer to an agency's interpretation of a statute when Congress has 'charged [the agency] with responsibility for administering the provision[.]'" *See id*.; *see also* ***Smiley v. Citibank, N.A.***, 517 U.S. 735, 739 (1996) ("It is our practice to defer to the reasonable judgments of agencies with regard to the meaning of ambiguous terms in statutes that they are charged with administering."). There exists a "presumption that Congress, when it left ambiguity in a statute meant for implementation by an agency, understood that the ambiguity would be resolved, first and foremost, by the agency, and desired the agency (rather than the courts) to possess whatever degree of discretion the ambiguity allows." ***Smiley***, 517 U.S. at 740-41.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation **[Doc. 29]** is hereby **ORDERED ADOPTED IN PART** for the reasons more fully stated in the

magistrate judge's report. Petitioner's objection [**Doc. 31**] is **OVERRULED**. Respondent's objection [**Doc. 32**] is **SUSTAINED**. Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment [**Doc. 10**] is **GRANTED** and Petitioner's Petition [**Doc. 1**] is hereby **DENIED AND DISMISSED WITH PREJUDICE**. Petitioner's Motion to Schedule a Pretrial Conference Pursuant to Fed.R.Civ.Pro. 16 [**Doc. 24**] is **DENIED AS MOOT**.

This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: December 4, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE